UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONGGUAN BENYUAN FOOD CO., LTD. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZHIGUANG ZHANG ) <br> ) <br> Defendant. ) | Case No. 24-cv-8301 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Dongguan Benyuan Food Co., Ltd. ("Benyuan" or "Plaintiff") for its Complaint against Defendant Zhiguang Zhang ("Zhang" or "Defendant") alleges:

### NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Number D995,660 (the '660 Design Patent) (attached as Exhibit 1).

2. Plaintiff brings the declaratory judgment action in view of the actual controversy that Defendant has created by asserting the '660 Design Patent against Plaintiff by filing complaints alleging patent infringement with Amazon.com, affecting Plaintiff's ability to sell its products to consumers in this district.

### THE PARTIES

3. Benyuan is a Chinese corporation with a principal place of business at Room 118, No. 11 Zhu Yuan Road, Dongcheng Street, Dongguan City, Guangdong Province, China, 523100.

4. Upon information and belief, Zhang is a Chinese individual. The Application Data Sheet filed with the application for the '660 Design Patent lists Zhang's address as: No. 2, Nansi Lane, Hutang Middle Street, Baiyun District, Guangzhou, Guangdong, China 510080.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

6. Defendant has wrongfully caused Plaintiff substantial injury in the State of Illinois, and venue is proper in this Court under 28 U.S.C. § 1391(b).

7. This Court may properly exercise personal jurisdiction over Defendant at least because Defendant's actions have affected Plaintiff's ability to sell its products to consumers in this district and Defendant thus had fair warning that he may be hauled into court here.

## FACTS

8. Until recently, Plaintiff has sold dancing cactus toys through Amazon.com via storefront Hunfur under ASINs B09PDPYC2T and B09PDS2GLX.

9. The products sold under ASINs B09PDPYC2T and B09PDS2GLX differ by color but have the same overall appearance.

10. The product sold under ASIN B09PDPYC2T is shown in the following image:



11. On August 21, 2024, Plaintiff received a notice from Amazon.com that ASINs B09PDPYC2T and B09PDS2GLX of its Hunfur storefront were at risk of deactivation due to a design patent infringement report filed by Defendant under Complaint ID 15848660091, which alleged that these ASINs infringe the '660 Design Patent.

12. Amazon has subsequently deactivated ASINs B09PDPYC2T and B09PDS2GLX of Plaintiff's Hunfur storefront because of Complaint ID 15848660091.

13. The products sold by Plaintiff under ASINs B09PDPYC2T and B09PDS2GLX (collectively, the "Accused Products") are in all material respects the same as the products shown – and publicly available – at least as early as February 6, 2019 via the YouTube posting (the "February 2019 YouTube Publication"): https://www.youtube.com/shorts/q00Z5kuwvBc.

14. True and correct screen shots from the February 2019 YouTube Publication follow:

 

15. The February 2019 YouTube Publication is prior art to the '660 Design Patent.

16. The products shown in the February 2019 YouTube Publication are prior art to the '660 Design Patent.

17.     The Accused Products are in all material respects the same as the product shown – and publicly available – at least as early as March 21, 2019 via the YouTube posting (the "March 2019 YouTube Publication"):  https://www.youtube.com/watch?v=mWYo2H9Dgog.

18.     A true and correct screen shot from the March 2019 YouTube Publication follows:



19.     The March 2019 YouTube Publication is prior art to the '660 Design Patent.

20.     The product shown in the March 2019 YouTube Publication is prior art to the '660 Design Patent.

21.     The '660 Design Patent is a design patent for a DANCING CACTUS PLUSH TOY.

22.     The application for the '660 Design Patent was filed on June 14, 2023.

23.     The '660 Design Patent issued on August 15, 2023.

4

24. No assignment for the '660 Design Patent has been recorded with the U.S. Patent & Trademark Office.

25. Upon information and belief, Defendant purports to own all rights to the '660 Design Patent.

26. Defendant's actions have tarnished Plaintiff's reputation and caused Plaintiff to lose profit.

**Count I**
**Declaratory Judgment**
**Invalidity of the '660 Design Patent - Anticipation**

27. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

28. The '660 Design Patent is invalid under 35 U.S.C. § 102 as being anticipated by at least one of: (a) the February 2019 YouTube Publication; (b) the product shown in the February 2019 YouTube Publication; (c) the March 2019 YouTube Publication; (d) the product shown in the March 2019 YouTube Publication; (e) one or more other publications showing the patented design before Defendant filed the application for the '660 Design Patent; or (f) one or more other sales of products having the patented design before Defendant filed the application for the '660 Design Patent.

**Count II**
**Declaratory Judgment**
**Invalidity of the '660 Design Patent - Obviousness**

29. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

30. If the '660 Design Patent is not invalid as anticipated, the '660 Design Patent is invalid under 35 U.S.C. § 103 as obvious in view of at least one of: (a) the February 2019 YouTube Publication; (b) the product shown in the February 2019 YouTube Publication; (c) the March 2019 YouTube Publication; (d) the product shown in the March 2019 YouTube Publication; (e) one or

more other publications showing the patented design before Defendant filed the application for the '660 Design Patent; or (f) one or more other sales of products having the patented design before Defendant filed the application for the '660 Design Patent.

### Count III
### Declaratory Judgment
### Non-Infringement of the '660 Design Patent

31. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

32. Given the closeness of the Accused Products and the prior art raised by Plaintiff, if the '660 Design Patent is not invalid as anticipated or obvious, then the Accused Products do not infringe the '660 Design Patent.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks this Court to:

a. Find that the '660 Design Patent is invalid as anticipated and/or obvious;

b. Find that the Accused Products do not infringe the '660 Design Patent;

c. Award Plaintiff a permanent injunction enjoining Defendant from asserting the '660 Design Patent against the Accused Products;

d. Award Plaintiff its reasonable attorney fees if this Court finds that this case is an "exceptional case" under 35 U.S.C. § 285; and

e. Award Plaintiff other and further relief as may be proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: September 11, 2024

Respectfully Submitted,

*/s/* _____
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
Fax: 913-549-4646
jpoplin@avekip.com
*Attorney for Plaintiff*

## VERIFICATION

I, Chuxiong Zhuang, hereby declare and state that:

1. I am the Chief Executive Officer of Dongguan Benyuan Food Co., Ltd. ("Plaintiff" or "Benyuan"). As such, I am authorized to make this affidavit on behalf of Benyuan.

2. I have read the forgoing verified complaint, and based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the forgoing verified complaint are true.

I declare that all statements made herein are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment or both under 18 U.S.C. §1001.

*Chuxiong Zhuang*

Signed this 11 day of September 2024